UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: _____

KYLE HAGAN,
    Plaintiff,
v.

FM MEATS GP INC.,
    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, KYLE HAGAN ("HAGAN") and sues Defendant, FM MEATS GP INC. ("FM MEAT"), for violation of the Americans with Disabilities Act, ("ADA") 42 USC §112101, the Florida Civil Rights Act of 1992, Fla. Stat. §760.01, et seq. ("FCRA") and retaliation in violation of the Florida Workers Compensation under Fla. Stat. §440.205, ("WCA") and alleges as follows:

## JURISDICTION & VENUE

1. This is an action brought to remedy unlawful employment practices by FM MEAT pursuant to the ADA, FCRA and WCA and this Court has federal question and supplemental jurisdiction pursuant to 28 USC §§1331 and 1365.

2. HAGAN *sui juris* and is a resident of this Court's jurisdiction.

3. FM MEAT is a company incorporated in the State of Florida and employed HAGAN in this jurisdiction.

## FACTUAL ALLEGATIONS

*Employment*

4. HAGAN worked as an Industrial Supervisor at FM MEAT from June 2021 until November 8, 2023.

5. At all times material hereto, Corban Russell was the CEO of FM MEAT and had operational control over the work performed by HAGAN.

6. At all times material hereto, John Wilson was the General Manager of FM MEAT and had operational control over the work performed by HAGAN.

*Disability Discrimination and Retaliation*

7. HAGAN suffered an on-the-job injury to his knee and foot on June 9, 2023.

8. HAGAN informed FM MEAT about his on-the-job injury and sought medical care.

9. This disability impacted one or more of his daily functions, specifically: refrain from prolonged standing on his leg and that he be permitted to work in a seated position.

10. At all times relevant, HAGAN informed FM MEAT that he required a reasonable job accommodation to perform his essential job junctions.

11. HAGAN was also not to lift, push or do any pulling.

12. At all relevant times, FM MEAT refused to accommodate HAGAN, by requiring HAGAN to perform duties that his restriction prohibited, such as being forced to climb up the side of a building, in order to work on a refrigeration issue on the roof that was approximately 60 feet high.

13. This refrigeration issue could have been performed by a non-disabled co-worker, rather than HAGAN.

14. HAGAN, upon returning to work after his injury, experienced other forms of discrimination and retaliation, including but not limited to FM MEAT demanding that he clean the floor after an ammonia leak, demands in the early morning or late at night to fix and repair problems by himself (work that would require more than one person to handle) and handling condensation issues.

15. HAGAN's phone calls to the front office were ignored which then required him to walk on his injured leg from the back of the facility to the front to obtain updated information.

16. Further, during the last two weeks of his employment, HAGAN received no emails and then his calls went unanswered, which again forced him to walk to the front office area in order to obtain information to perform his duties.

17. HAGAN directly opposed FM MEAT's discriminatory actions in not providing a reasonable job accommodation.

18. HAGAN reported FM MEAT's discriminatory actions to Corban Russell and or John Wilson on multiple occasions.

19. Finally, on November 8, 2023, HAGAN was forced to resign as it was no longer safe to work at FM MEAT, and due to FM MEAT's complete failure to accommodate him.

## CONDITIONS PRECEDENT

20. All conditions precedent has been satisfied or have been waived, including timely filing of a Charge of Discrimination.

21. HAGAN filed with the EEOC and FCHR a Charge of Discrimination and Retaliation and over 180 days have elapsed and the Right-to-Sue Letter was issued on July 5, 2024.

## MOTIVATING FACTOR

22. The adverse job actions taken by FM Meat against HAGAN were motivated by his protected categories of disability or in retaliation for his complaints, or assertion of his workers' compensation rights.

## ATTORNEYS' FEES

23. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable fees.

## COUNT I
## AGAINST FM MEAT FOR DISCRIMINATION UNDER ADA

24. HAGAN repeats and incorporates paragraphs 1 through 23, as though fully stated herein.

25. By and through the course of conduct herein described, FM MEAT violated the ADA by discriminating against HAGAN due to his knee and foot impairment, by denying him a reasonable job accommodation as part of the terms and conditions of employment, and constructively discharging him because of the impairment.

26. HAGAN has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment and loss of fringe benefits.

CADOGAN LAW | 300 S. PINE ISLAND ROAD, SUITE 107  PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

27. FM MEAT blatant, intentional and willful disregard of the ADA and its consequences for violations warrants punitive damages.

WHEREFORE, as to Count I, Plaintiff, HAGAN, demands judgment in his favor against Defendant, FM MEAT for violation of the ADA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, interest, punitive damages, attorneys' fees pursuant to 42 USC §12101, and costs, and such other further relief that this Court deems just and equitable.

## COUNT II
## AGAINST FM MEAT FOR HOSTILE WORK ENVIRONMENT UNDER ADA

28. HAGAN repeats and incorporates paragraphs 1 through 23, as though fully stated herein.

29. By and through the course of conduct herein described FM MEAT through the conduct of Corban Russell and other members of management harassed HAGAN because of his knee and foot impairment in violation of the ADA by subjecting HAGAN to perform duties that were prohibited due to his impairment, and refusing to accommodate him.

30. FM MEAT's offensive harassment was, severe, offensive and discriminatory actions, nor did he invite or solicit them through his own actions.

31. The offensive and discriminatory actions were so severe and pervasive that they altered the terms and conditions of HAGAN's employment, including causing HAGAN extreme stress and ultimately forced HAGAN to resign from FM MEAT.

32. As a result of the hostile work environment, HAGAN has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment and loss of fringe benefits.

33. FM MEAT blatant, intentional and willful disregard of the ADA and its consequences for violations warrants punitive damages.

WHEREFORE, as to Count II, Plaintiff, HAGAN, demands judgment in his favor against Defendant, FM MEAT for creation of a hostile work environment in violation of the ADA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, interest, punitive damages, attorneys' fees pursuant to 42 USC §12101, and costs, and such other further relief that this Court deems just and equitable.

## COUNT III
## AGAINST FM MEAT FOR RETALIATION UNDER ADA

34. HAGAN repeats and incorporates paragraphs 1 through 23, as though fully stated herein.

35. By and through the course of conduct herein described, HAGAN opposed his supervisor's discrimination and creation of a hostile work environment that violated the ADA.

36. FM MEAT through the conduct of Corban Russell and other members of management took adverse job actions against HAGAN because of his opposition to the discrimination and creation of a hostile work environment based upon or motivated by his disability, by among other things, increasing scrutiny upon HAGAN and subjecting HAGAN to perform duties prohibited such as lifting, pushing and pulling.

37. The retaliatory actions were so severe and pervasive that they altered the terms and conditions of HAGAN's employment, including causing HAGAN extreme stress.

38. As a result of the retaliation, HAGAN has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish,

humiliation, anxiety, loss of enjoyment of life and embarrassment and loss of fringe benefits.

39. FM MEAT blatant, intentional and willful disregard of the anti-retaliation provisions of the ADA and its consequences for violations warrants punitive damages.

WHEREFORE, as to Count III, Plaintiff, HAGAN, demands judgment in his favor against Defendant, FM MEAT for retaliation in violation of the ADA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, interest, punitive damages, attorneys' fees pursuant to 42 USC §12101, and costs, and such other further relief that this Court deems just and equitable.

## COUNT IV
## AGAINST FM MEAT FOR DISCRIMINATION (DISABILITY) UNDER FCRA

40. HAGAN repeats and incorporates paragraphs 1 through 23, as though fully stated herein.

41. By and through the course of conduct herein described, FM MEAT violated the FCRA by discriminating against HAGAN due to or motivated by his disability, denying him equal terms and conditions of employment, and constructively firing him because of his disability and related medical conditions.

9

42. HAGAN has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment and loss of fringe benefits.

43. FM MEAT blatant, intentional and willful disregard of the ADA and its consequences for violations warrants punitive damages.

WHEREFORE, as to Count IV, Plaintiff, HAGAN, demands judgment in her favor against Defendant, FM MEAT for violation of the FCRA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, interest, punitive damages, attorneys' fees pursuant to Fla. Stat. §760.11, and costs, and such other further relief that this Court deems just and equitable.

## COUNT V
## AGAINST FM MEAT FOR HOSTILE WORK ENVIRONMENT UNDER FCRA

44. HAGAN repeats and incorporates paragraphs 1 through 23, as though fully stated herein.

45. By and through the course of conduct herein described FM MEAT through the conduct of Corban Russell and other members of management harassed HAGAN because of or motivated by his disability in violation of the

FCRA by subjecting HAGAN to offensive acts about his disability and refusing to accommodate him.

46. FM MEAT's harassment was severe, offensive and discriminatory actions, nor did he invite or solicit them through his own actions.

47. The offensive and discriminatory actions were so severe and pervasive that they altered the terms and conditions of HAGAN's employment, including causing HAGAN extreme stress, and ultimately forced HAGAN to resign from FM MEAT.

48. As a result of the hostile work environment, HAGAN has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish, humiliation, anxiety, loss of enjoyment of life and embarrassment and loss of fringe benefits.

49. FM MEAT blatant, intentional and willful disregard of the FCRA and its consequences for violations warrant punitive damages.

WHEREFORE, as to Count V, Plaintiff, HAGAN, demands judgment in his favor against Defendant, FM MEAT for creation of a hostile work environment in violation of the FCRA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, interest, punitive damages, attorneys' fees pursuant

to Fla. Stat. §760.11, and costs, and such other further relief that this Court deems just and equitable.

## COUNT VI
## AGAINST FM MEAT FOR RETALIATION UNDER FCRA

50. HAGAN repeats and incorporates paragraphs 1 through 23, as though fully stated herein.

51. By and through the course of conduct herein described, HAGAN opposed FM MEAT's disability discrimination and creation of a hostile work environment that violated the FCRA.

52. FM MEAT through the conduct of Corban Russell and other members of management took adverse job actions against HAGAN because of his opposition to the discrimination and creation of a hostile work environment, by among other things, increasing scrutiny upon HAGAN and subjecting HAGAN to perform duties prohibited such as lifting, pushing and pulling.

53. The retaliatory actions were so severe and pervasive that they altered the terms and conditions of HAGAN's employment, including causing HAGAN extreme stress.

54. As a result of the retaliation, HAGAN has suffered and continues to suffer damages, including but not limited to loss of income, mental anguish,

humiliation, anxiety, loss of enjoyment of life and embarrassment and loss of fringe benefits.

55.    FM MEAT's blatant, intentional and willful disregard of the anti-retaliation provisions of the FCRA and its consequences for violations warrants punitive damages.

WHEREFORE, as to Count VI, Plaintiff, HAGAN, demands judgment in his favor against Defendant, FM MEAT for retaliation in violation of the FCRA and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, interest, punitive damages, attorneys' fees pursuant to Fla. Stat. §760.11, and costs, and such other further relief that this Court deems just and equitable.

## COUNT VII
## AGAINST FM MEAT FOR RETALIATION UNDER WORKERS' COMPENSATION ACT

56.    HAGAN repeats and incorporates paragraphs 1 through 18, and 22 as though fully stated herein.

57.    HAGAN filed a workers compensation claim following his on-the-job injury.

58. Fla. Stat. §440.205 states that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

59. FM MEAT constructively discharged HAGAN by not providing a reasonable accommodation and requiring HAGAN to perform duties which he was prohibited from doing.

60. A motivating factor that caused FM MEAT to coerce and intimidate HAGAN as described above was the request for workers compensation benefits pursuant to Fla. Stat. Chap. §440 et. seq.

61. FM MEAT's coercion and intimidation of HAGAN was in direct violation and has caused Plaintiff to be damaged.

62. FM MEAT's conduct in wrongfully coercing and intimidating HAGAN was willful, wanton, and in reckless disregard of HAGAN's rights and therefore HAGAN reserves the right to move for punitive damages as discovery progresses.

WHEREFORE, as to Count VII, Plaintiff, HAGAN, demands judgment in his favor against Defendant, FM MEAT for retaliation in violation of Fla. Stat.

14

§440.205 and seeks back pay, compensatory damages, reinstatement or front pay if not reinstated, interest, punitive damages, and costs, and such other further relief that this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff, HAGAN demands a trial by jury on all issues so triable.

Dated: August 19, 2024.               Respectfully submitted,

        By:     /s/ *Gina Cadogan*
        GINA MARIE CADOGAN
        Fla Bar No: 177350
        ABHISHEK V. RAMASWAMI
        Fla. Bar. 1031719
        Cadogan Law
        300 S. Pine Island Road, Suite 107
        Plantation, Florida 33324
        Telephone: 954.606.5891
        Facsimile: 877.464.7316
        Email: gina@cadoganlaw.com
        Email: ab@cadoganlaw.com
        Email: tyler@cadoganlaw.com